460 F.2d 1059
 11 UCC Rep.Serv. 152
 The FIRST NATIONAL BANK OF SIKESTON, MISSOURI, et al.,
Plaintiffs-Appellees,
v.
JEFFERSON SALES AND DISTRIBUTORS, INC., et al., Defendants-Appellees,
Frank S. Blackford, Trustee, Triple M Homes, Intervenor-Appellant.
 No. 71-3178.
 United States Court of Appeals,
Fifth Circuit.
 May 4, 1972.
 
 Dewayne N. Morris, Daniel H. Markstein, III, Birmingham, Ala., for appellant.
 Smith, Tate & Smith, Poplarville, Miss., Charles G. Black, Memphis, Tenn., Freeland & Gafford, T. H. Freeland, III, Oxford, Miss., Robert E. Hauberg, U. S. Atty., Jackson, Miss., Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Atty., Dept. of Justice, Washington, D. C., for appellees.
 Before GEWIN, COLEMAN and INGRAHAM, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an appeal by the Trustee in Bankruptcy (Trustee) for Triple M Homes, Inc. (Triple M) from a judgment for The First National Bank of Sikeston, Missouri (Bank) and its subrogee Joel A. Montgomery (Montgomery), although Montgomery was not a party to the suit. The suit was filed to recover accounts receivable arising out of the manufacture and sale of mobile homes by Triple M to the defendant Jefferson Sales and Distributors, Inc. (Jefferson), et al., which accounts were allegedly purchased from Triple M by the plaintiff Bank. The Bank commenced suit by attachment, but the attachment was dissolved upon the defendant substituting security. Defendant Jefferson filed an answer and counterclaim, including a counterclaim for interpleader seeking to implead the Internal Revenue Service (I.R.S.), from which it had received a notice of levy in the sum of $72,888.68, and the Trustee. The United States became a party by interpleader and the Trustee became a party by intervention.
 
 
 2
 The Bank's case was based upon its ownership of or security interest in documentary drafts drawn by Triple M on the defendant and endorsed to the plaintiff. The Trustee contended that the plaintiff's ownership of or security interest in the documentary drafts did not give it a right of action against the defendant-drawee, which had not accepted said drafts, and because the Bank had taken an assignment of accounts receivable without having filed a financing statement with regard to them, its interest therein was subordinate to his under the applicable provisions of the bankruptcy laws of the United States and the Uniform Commercial Code. The Trustee also contended that Montgomery's guaranteeing the account of Triple M to the plaintiff and making payment under said guarantee gave him no right to any funds owed by the defendant to Triple M.
 
 
 3
 Midway through the trial the dispute between the plaintiff Bank and defendant Jefferson was compromised without prejudice to any party by said defendant paying the sum of $117,500 into the registry of the district court and the plaintiff Bank surrendering the documents of title in controversy. The defendant Jefferson was thereupon dismissed. Thereafter, the trial continued as an interpleader action to determine which remaining party was entitled to the fund.
 
 
 4
 The case was tried to the court without a jury. The trial court held that the relationship between Triple M and Bank to be at arm's length and that Bank's extension of credit on the drafts, subsequently dishonored, gave Bank a lien on the proceeds under U.C.C., Art. 4, Sec. 208, and that the lien was superior to that of Triple M and its Trustee.
 
 
 5
 The trial court on August 20, 1971, filed comprehensive findings of fact and conclusions of law, First National Bank of Sikeston, Missouri v. Jefferson Sales and Distributors, Inc. et al., 341 F.Supp. 659 (S.D.Miss.1971). We are of the opinion that the findings of fact are supported by substantial evidence and that the legal conclusions are supported by equity, the prevailing legal authority and the Uniform Commercial Code.
 
 
 6
 Since the subrogee Montgomery was not a party to the suit and appeared only therein as a witness, we are doubtful that the judgment should have ordered Bank to pay the money to him. But only Bank has standing to complain.
 
 
 7
 The judgment of the district court is affirmed.